[Cite as *DES Material & Supply Co., L.L.C. v. Pincus, L.L.C.*, 2020-Ohio-4360.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| DES MATERIAL & SUPPLY COMPANY, LLC, | : | **MEMORANDUM OPINION** |
| | : | |
| Plaintiff-Appellant, | : | **CASE NO. 2020-G-0255** |
| | : | |
| - vs - | : | |
| | : | |
| PINCUS, LLC d.b.a. PINCUS CONSTRUCTION, et al., | : | |
| | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2017 M 000984.

Judgment: Appeal dismissed.

*John R. Christie*, Lewis Brisbois Bisgaard & Smith, 1375 East Ninth Street, Suite 2250, Cleveland, OH 44114 (For Plaintiff-Appellant).

*Peter Turner*, Meyers, Roman, Friedberg & Lewis, 28601 Chagrin Boulevard, #500, Cleveland, OH 44122 (For Defendant-Appellee).


TIMOTHY P. CANNON, P.J.

{¶1} Appellant, DES Material & Supply Company, LLC, through counsel, filed a notice of appeal from an entry from the Geauga County Court of Common Pleas.

{¶2} Appellant filed a complaint alleging breach of contract, unjust enrichment, and accounting against appellee, Pincus, LLC dba Pincus Construction and Corporation Service Company. Appellee filed a counterclaim for several counts and included costs

and attorney's fees. After a bench trial, the trial court issued an entry on May 6, 2020, in which it deferred the decision as to the amount of attorney's fees and costs to a later date.

{¶3} On June 15, 2020, appellee filed a motion to dismiss the appeal for lack of a final appealable order. In its motion, appellee alleges that since an amount of the attorney's fees and costs has not been awarded, there is no final appealable order.

{¶4} Appellant filed a brief in response to the motion to dismiss.

{¶5} We must determine if there is a final order, as this court may entertain only those appeals from final judgments. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶6} Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶7} An entry which expressly orders attorney fees but does not specify an amount of fees is not a final appealable order. *Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. Of Education*, 87 Ohio App.3d 840, 843 (1993); *see, also, Bell v. Bell*, 11th Dist. Portage No. 2015-P-0054, 2016-Ohio-1016. Here, the trial court's May 6, 2020

entry states "[i]n order to determine the amount of [appellee's] attorney's fees and litigation costs to be awarded, [appellee] shall submit supporting evidence of said fees and costs within 14 days of the date of this Judgment. [Appellee] may also include in such attorney's fees those fees expended in addressing the Mechanic's Lien at issue herein. [Appellant] shall have a period of 14 days after the date [appellee] files such supporting evidence to submit any opposition arguments or materials. The Court will thereafter determine if a hearing is necessary on such issue." Until the attorney fees amount is determined, all matters before the trial court have not been resolved. Therefore, this judgment is not a final appealable order.

{¶1} Accordingly, appellee's motion to dismiss is hereby granted, and this appeal is dismissed due to lack of a final appealable order.

{¶8} Appeal dismissed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.