[Cite as *Carter-Jones Lumber Co. v. Ponder Dev., Inc.*, 2023-Ohio-4372.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| THE CARTER-JONES LUMBER CO., et al., | CASE NO. 2023-P-0072 |
| Plaintiffs-Appellees, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| PONDER DEVELOPMENT, INC., et al., | Trial Court No. 2022 CV 00867 |
| Defendants-Appellants. | |

**M E M O R A N D U M**
**O P I N I O N**

Decided: December 4, 2023
Judgment: Appeal dismissed

*Nicholas J. Horrigan* and *Ceasare P. Piermarini*, Harpst Becker, LLC, 1559 Corporate Woods Parkway, Suite 250, Uniontown, OH 44685 (For Plaintiffs-Appellees).

*Grant J. Keating*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Defendants-Appellants).

ROBERT J. PATTON, J.

{¶1} Appellants, Ponder Development, Inc. and Scott Neal, through counsel, filed a notice of appeal from an entry from the Portage County Court of Common Pleas.

{¶2} Appellees, the Carter-Jones Lumber Co. and Carter Lumber of the South, Inc., filed a complaint alleging breach of contract, account, breach of personal guarantee, and unjust enrichment, against appellants. Appellees moved for partial summary judgment and requested that the trial court award judgment against appellants and schedule a hearing to determine the amount of attorney's fees to be awarded.

{¶3}   In an entry dated August 30, 2023, the trial court granted appellees' motion for summary judgment and ordered appellees to file an "affidavit evidencing the amount of attorney's fees it is seeking within fourteen days" of the entry.  The affidavit was filed on September 12, 2023, seeking an award of $9,380 in attorney's fees. This appeal ensued on September 22, 2023.

{¶4}   We must determine if there is a final order, as this court may entertain only those appeals from final judgments.  *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action.  *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3.  If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed.  *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).  For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B).  *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

{¶5}   Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶6}   An entry which expressly orders attorney fees but does not specify an amount of fees is not a final appealable order.  *DES Material & Supply Co., LLC v. Pincus, LLC*, 11th Dist. Geauga No. 2020-G-0255, 2020-Ohio-4360.  Here, the trial court's August 30, 2023 entry ordered appellees to submit evidence as to the amount of attorney's fees within 14 days of the date of the judgment.  Until the attorney fees amount is determined,

2

all matters before the trial court have not been resolved. Therefore, this judgment is not a final appealable order.

**{¶1}** Accordingly, this appeal is dismissed due to lack of a final appealable order.

**{¶7}** Appeal dismissed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2023-P-0072