## ELIZABETH METTLER *v.* KIRSTEN METTLER

Superior Court, Judicial District of New Haven

File No. FA-06-4021437S

Memorandum filed June 6, 2007

*Votre & Associates, P.C.*, for the plaintiff.

*Murphy, Murphy & Nugent*, for the defendant.

*Lee Marlow*, guardian ad litem, for the minor child.

FRAZZINI, J. The present matter is a dissolution of marriage action in which the mother of the defendant husband, Kirsten Mettler, has moved to intervene for the purpose of seeking custody of the parties' minor child. During the hearing on the motion to intervene, at which both parties and the proposed intervenor appeared with counsel, the defendant and his mother filed the pending joint motion seeking disqualification of attorney Kenneth Votre, counsel for the plaintiff, Elizabeth Mettler, and his law firm, Votre and Associates, on the grounds that attorney Votre and his wife, whom the motion alleges is both a personal friend of the plaintiff and a nonlegal employee of the Votre law firm, are necessary witnesses in this matter. For the following reasons, the motion is denied.

The standard governing disqualification of an attorney and a law firm pertinent to the present case is contained in rule 3.7 (a) and (b) of the Rules of Professional Conduct for lawyers, captioned "Lawyer as Witness" and provides as follows: "(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) The testimony relates to an uncontested issue; (2) The testimony relates to the nature and value of legal services rendered in the case; or (3) Disqualification of the lawyer would work substantial hardship on the client. (b) A lawyer

may act as advocate in a trial[1] in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."

The purpose of this rule was long ago explained in *Jennings Co.* v. *DiGenova*, 107 Conn. 491, 141 A. 866 (1928). "Our rule is founded upon our belief that it is unfair to the client that his case should be presented through witnesses whom the trier will necessarily treat as interested, not only through the zeal of advocacy, but also through interest in the result of the trial, instead of as witnesses without self-interest or other zeal than that of the ordinary witness. It is also and primarily founded upon the obvious dictate of public policy, which requires that the profession of the law shall be practiced so as to avoid the bringing of distrust and suspicion upon its members who serve as witnesses in establishing the facts of a complaint or defense, and then as advocates in pressing home to the trier the truth of their statements as witnesses. . . . Professor Wigmore says the most potent reason for the prohibition of the attorney as a witness in behalf of his client lies in the dangerous effect the practice will have upon the public mind, tending . . . effectively [to] diminish and undermine 'the public's respect for the profession and confidence in it.' " (Citations omitted.) Id., 496–98. Our Supreme Court has explained that "Rule 3.7 of the Rules of Professional Conduct requires an attorney to withdraw if he or she *reasonably foresees* that he [or she] will be called as a witness to testify on a *material* matter . . . ." (Emphasis in original; internal quotation marks omitted.) *State* v. *Crespo*, 246 Conn. 665, 695, 718 A.2d 925 (1998), cert. denied, 525 U.S. 1125, 119 S. Ct. 911, 142 L. Ed. 2d 909 (1999). As the commentary to rule 3.7 states: "The tribunal has proper objection

[1] In view of the ruling here, the court need not address whether rule 3.7 of the Rules of Professional Conduct applies only if an attorney will be a witness at trial, an issue on which there is no binding appellate authority in this state and divergent trial court rulings.

when the trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate–witness should be taken as proof or as an analysis of the proof." Rules of Professional Conduct 3.7, commentary.

Under rule 3.7, the first relevant inquiry is whether the attorney whose disqualification is sought is a "necessary witness" in the matter. A necessary witness is not just someone with relevant information, however, but someone who has material information that no one else can provide. "Whether a witness ought to testify is not alone determined by the fact that he has relevant knowledge or was involved in the transaction at issue. Disqualification may be required only when it is likely that the testimony to be given by the witness is necessary. Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence. . . . A party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony. . . . There is a dual test for necessity. First, the proposed testimony must be relevant and material. Second, it must be unobtainable elsewhere.' " (Citations omitted; internal quotation marks omitted.) *Tropical Suntan Centers, Inc.* v. *Salvati*, Superior Court, judicial district of Ansonia–Milford, Docket No. CV-90-031092S (April 12, 1990) (1 Conn. L. Rptr. 497, 498) (*Meadow, J.*), quoting *S & S Hotel Ventures Ltd. Partnership* v. *777 S.H. Corp.*, 69 N.Y.2d 437, 445–46, 515 N.Y.S.2d 735, 508 N.E.2d 647

(1987), and *Security General Life Ins.* v. *Superior Court*, 149 Ariz. 332, 335, 718 P.2d 985 (1986).

Although attorney Votre disputes that he will be a necessary witness and hence declines to withdraw, the decision on disqualification rests only in the first instance to counsel and also falls upon the trial court, which is charged with the responsibility "to regulate the conduct of attorneys" and has a duty to enforce the standards of conduct regarding attorneys. *State* v. *Jones*, 180 Conn. 443, 448, 429 A.2d 936 (1980), overruled in part on other grounds by *State* v. *Powell*, 186 Conn. 547, 555, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *Connecticut*, 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982). "[W]henever counsel for a client reasonably foresees that he will be called as a witness to testify on a material matter, the proper action is for that attorney to withdraw from the case. . . . Where, however, an attorney does not withdraw, a court exercising its supervisory power can . . . disqualify the attorney." (Citations omitted; internal quotation marks omitted.) *Enquire Printing & Publishing Co.* v. *O'Reilly*, 193 Conn. 370, 376, 477 A.2d 648 (1984). The joint motion of the defendant and the proposed intervenor requires this court to determine whether to order disqualification.

In view of the strong public policy favoring a party's right to select its own counsel, the law places the burden of showing that disqualification is required upon the moving party. See, e.g., *Blakemar Construction, LLC* v. *CRS Engineering, Inc.*, Superior Court, judicial district of Fairfield, Docket No. CV-04-0412727S (February 9, 2005) (*Skolnick, J.*) ("A party moving for disqualification of an opponent's counsel must meet a high standard of proof. . . . [B]efore permitting a party to disqualify an attorney the moving party bears the burden of proving facts which indicate disqualification is necessary. The courts should act very carefully before disqualifying

an attorney and negating the right of a client to be represented by counsel of choice." [Citation omitted; internal quotation marks omitted.]); *Deleo* v. *Kruger*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-94-0142362S (February 10, 1998) (21 Conn. L. Rptr. 375, 376) (*Mintz, J.*) ("The party moving for disqualification bears the burden of proving facts which indicate that disqualification is necessary. . . . The disqualification of a party's chosen counsel is a harsh sanction, and an extraordinary remedy which should be resorted to sparingly . . . ." [Internal quotation marks omitted.]).

The movants claim four different bases to disqualify attorney Votre. These are: (1) statements that he allegedly made to opposing counsel, the guardian ad litem and the court in chambers about his conversations with the minor child's therapist; (2) his presence on certain occasions on which he overheard the child's conversations and observed the conduct and demeanor of the plaintiff and minor child; (3) his firsthand knowledge about the physical layout of the office of the child's therapist; and, (4) the location of attorney Votre's home as the situs for several telephone conversations between the plaintiff and the minor child about which relevant evidence will be introduced. The movants emphasize that attorney Votre has "implied and/or directly stated his own personal knowledge of material facts regarding telephone conversations involving the minor child, the child's demeanor and other pertinent and material issues regarding the child." In oral argument on the motion, the defendant's counsel asserted that attorney Votre had attempted to use his own personal knowledge and observations to discredit the testimony of the proposed intervenor and to influence the proceedings. The defendant's counsel cited questions from attorney Votre during cross-examination of the grandmother where, in challenging her account of a

telephone conversation she had with the minor child, he asked her the following:

"Q. Would it surprise you if there were four or five people who witnessed that telephone conversation?

"A. It wouldn't surprise me.

"Q. And you know there were people there and that she wasn't telling Shaw what to say?

"A. Did you hear her say—

"Q. I could put people on to testify about it if you'd like.

"A. Okay, but did you hear her say—

"Q. To be 100 percent candid—

"The Court: One at a time, folks. The record will not—

"Q. You know, ma'am, that call came from my house. You know that."

Later in that proceeding, after the defendant and the proposed intervenor had requested a continuance to file a motion to disqualify, attorney Votre stated to the court: "I am not a witness in this case. . . . I'm assuming their motion is directed at the fact that two phone calls were made from parties at my house that I didn't witness but I knew were being made somewhat makes me a witness in the case." It has not been shown, however, that attorney Votre is the only witness to any of these conversations or events. The availability of other persons to testify about those conversations and the events surrounding them would mean that attorney Votre would not be a necessary witness.

The movants also claim, however, that attorney "Votre has elevated the importance and necessity of his testimony by his statements to the tribunal both on the record and in the court's chambers." While it is true

that an attorney is bound, when addressing a judge either on the record or in chambers, to be truthful and have a reasonable factual basis for his assertions as to evidentiary matters, the attorney's statements are not themselves evidence. It is not unusual for an attorney to make statements to other counsel or the court about evidence the attorney intends to present. The movants have cited no authority, nor is this court aware of any, that an attorney's declarations to the court about anticipated evidence are "tantamount" to the *presentation of evidence* "without allowing the defendant and proposed intervenor the right of cross-examination." Offers of proof from an attorney about what a witness will say are commonplace. To the extent that counsel injects or implies personal knowledge into a question during an evidentiary proceeding, the proper remedy is to object to the question, rather than seeking disqualification.

The movants have thus failed to meet their burden of showing that attorney Votre is a necessary witness.[2] Although they have indicated their intention to call him as a witness, our Supreme Court recognized almost a century ago that "[a] due recognition . . . of the status of an attorney representing his client in the trial of a cause demands that he be not required by adverse counsel to take the witness-stand unless there be a reasonable necessity for such action." *Loomis* v. *Norman Printers Supply Co.*, 81 Conn. 343, 350, 71 A. 358 (1908). Should the movants subpoena or call attorney Votre as a witness, the court will address that issue then.

---

[2] Whether the "compelling need" test adopted by our Supreme Court in *Ullman* v. *State*, 230 Conn. 698, 647 A.2d 324 (1994), for determining "when an attorney who has been involved professionally in the case may be called as a witness"; *State* v. *Davis*, 98 Conn. App. 608, 636, 911 A.2d 753 (2006), cert. granted on other grounds, 281 Conn. 915, 917 A.2d 999 (2007); in a criminal case also applies to civil cases is not one this court must presently address.

The movants also ask the court to disqualify attorney Votre and his law firm because Votre's wife is, they claim, "a close personal friend and companion of the plaintiff" whose "testimony is necessary and material." Since Votre's wife is a nonlegal employee of the Votre law firm as well as a personal friend of the plaintiff, facts conceded by the plaintiff in her brief, the movants claim that "her role . . . is so blurred that when she testifies it can not be clear whether she is testifying about information as an employee . . . or as attorney Votre's wife and close personal friend and constant companion of the plaintiff." Even if Votre's wife becomes a witness, however, that fact does not require disqualification of the Votre law firm. Subsection (b) of rule 3.7 provides: "A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9." Rules of Professional Conduct 3.7 (b).

The movants have cited no authority that testimony from a nonlegal employee of a law firm would have any greater disqualifying effect than testimony from an attorney of that firm. Whether the nonlegal witness has a bias or interest in the proceeding, either as a friend of the party or as an employee of counsel, is a matter for cross-examination and a credibility issue the trier of fact may properly weigh.

Rule 3.7 (b) does require disqualification of a law firm if the conflict of interest provisions of rules 1.7[3]

[3] Rule 1.7 of the Rules of Professional Conduct provides: "Rule 1.7 Conflict of Interest: Current Clients (a) Except as provided in subsection (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person by personal interest of the lawyer. (b) Notwithstanding the existence of a concurrent conflict of interest under subsection (a), a lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to

or 1.9[4] apply. "If, however, the testifying lawyer would also be disqualified by Rule 1.7 or Rule 1.9 from representing the client in the matter, other lawyers in the firm will be precluded from representing the client by Rule 1.10 unless the client gives informed consent under the conditions stated in Rule 1.7." Rules of Professional Conduct 3.7 (b), commentary.

Rule 1.7 governs what the rule terms "concurrent conflict[s] of interest," which the commentary to that rule states "can arise from the lawyer's responsibilities to another client, a former client or a third person or from the lawyer's own interests. . . ." Rules of Professional Conduct 1.7, commentary. Rule 1.9 addresses conflicts between a present client and a former client. Since the movants have not presented any evidence that the present case presents any conflict between present or former clients of the Votre law firm or between his present client and any other person, neither of these rules requires disqualification here. The

each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or the same proceeding before any tribunal; and (4) each affected client gives informed consent, confirmed in writing."

[4] Rule 1.9 of the Rules of Professional Conduct provides: "Rule 1.9. Duties to Former Clients (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing. (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client (1) whose interests are materially adverse to that person; and (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9 (c) that is material to the matter; unless the former client gives informed consent, confirmed in writing. (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter: (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client."

requirement of rule 3.7 that an attorney may be disqualified if he or she is a necessary witness does not prevent another attorney in the firm from representing the firm's client or examining the other attorney on the witness stand. By analogy, even if Votre's wife is called as a witness, attorneys in that firm may examine her. Issues regarding privilege or work product will be dealt with as presented.

For the foregoing reasons, the motion to disqualify is, therefore, denied.