[Cite as *Bell v. Bell*, 2016-Ohio-1016.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| ROY BELL, et al., | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-P-0054** |
| BRUCE BELL, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2001 CV 00862.

Judgment: Appeal dismissed.

*Daniel P. Lang*, 5579 Pearl Road, Suite 203, Parma, OH  44129 (For Plaintiff-Appellant).

*Brian J. Green*, Shapero & Green LLC, Signature Square II, Suite 220, 25101 Chagrin Boulevard, Cleveland, OH  44122-3485 (For Defendants-Appellees).


CYNTHIA WESTCOTT RICE, P.J.

{¶1}   On July 17, 2015, appellant, Roy Bell, by and through counsel of record, filed a notice of appeal from an entry from the Portage County Court of Common Pleas.

{¶2}   A review of the trial court docket reveals that on December 4, 2014, appellees filed a motion to show cause and for sanctions for appellant's continued and willful violations of the court's prior orders.  After the trial court held a hearing, it issued a judgment entry on June 18, 2015, in which it found that appellant and/or his agents

violated an order of the court by interfering with the flow of gas to the home of appellees, Bruce Bell and Kathy Bell. The trial court ordered appellant to "pay the cost of replacement and installation by a certified landman within 90 days of [the] entry, as well as [appellees'] reasonable attorney fees to litigate and bring this action." The trial court did not include a dollar amount of attorney fees in its entry.

{¶3} On January 26, 2016, appellees, by and through their counsel of record, filed a motion to dismiss the appeal for lack of a final appealable order. In their motion, appellees allege that since an amount of the attorney's fees has not been specified, there is no final appealable order.

{¶4} No brief or memorandum in opposition to the motion to dismiss has been filed.

{¶5} Initially, we must determine whether there is a final appealable order since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B*). See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

2

{¶6}   Pursuant to R.C. 2505.02(B), there are seven categories of a "final order," and if the judgment of the trial court satisfies any of them, it will be deemed a "final order" and can be immediately appealed and reviewed by a court of appeals.

{¶7}   A judgment entry which expressly orders attorney fees but does not specify an amount of fees is not a final appealable order. *Ft. Frye Teachers Assn. v. Ft. Frye Local School Dist. Bd. Of Education*, 87 Ohio App.3d 840, 843 (1993).   In the instant matter, the trial court's June 18, 2015 entry ordered appellees to pay "reasonable attorney fees to litigate and bring this action," but did not designate the amount of attorney fees to be awarded and, therefore, left a portion of the case undecided.   Until the attorney fees amount is determined, all matters before the trial court have not been resolved.  Thus, this judgment is not a final appealable order.

{¶1}   Accordingly, the motion to dismiss filed by appellees is hereby granted, and this appeal is dismissed due to lack of a final appealable order.

{¶8}   Appeal dismissed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.

3