[Cite as *Bell v. Bell*, 2016-Ohio-4601.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| ROY BELL, et al., | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-P-0005** |
| BRUCE BELL, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Court of Common Pleas, Case No. 2001 CV 00862.

Judgment: Appeal dismissed.

*Daniel P. Lang*, 5579 Pearl Road, Suite 203, Parma, OH 44129 (For Plaintiff-Appellant).

*Brian J. Green*, Shapero & Green LLC, Signature Square II, Suite 220, 25101 Chagrin Boulevard, Cleveland, OH 44122-3485 (For Defendants-Appellees).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Roy Bell, by and through counsel of record, filed the instant appeal from an entry from the Portage County Court of Common Pleas.

{¶2} A review of the trial court docket reveals that this case was originally filed in 2001. In 2008, appellees, Bruce Bell and Kathy Bell, were granted an injunction restraining appellant from interfering with the flow of natural gas to their residence. On December 4, 2014, appellees filed a motion to show cause and for sanctions for appellant's continued and willful violations of the court's prior orders. After a hearing,

the trial court issued a judgment entry on June 18, 2015, in which it found that appellant and/or his agents violated an order of the court by interfering with the flow of gas to the home of appellees. The trial court ordered appellant to pay the cost of replacement and installation as well as appellees' reasonable attorney fees, but the trial court did not include a dollar amount of attorney fees in its entry. On July 17, 2015, appellant filed an appeal from that entry, 11th Dist. Portage No. 2015-P-0054. This court initially remanded this case to rule on the Civ.R. 60(B) motion that was filed by appellant in the trial court on October 9, 2015. Pursuant to our remand, the trial court issued an entry on December 17, 2015, and denied appellant's Civ.R. 60(B) motion. On January 14, 2016, appellant filed the instant appeal from that entry. Subsequently, this court dismissed *Bell v. Bell*, 11th Dist. Portage No. 2015-P-0054, 2016-Ohio-1016, due to lack of a final appealable order.

{¶3} Initially, we must determine whether there is a final appealable order in this matter since this court may entertain only those appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

2

{¶4} Generally, a decision denying a motion for relief from judgment under Civ.R. 60(B) is a final order. However, this rule presumes that the underlying order which has been challenged by the movant's Civ.R. 60(B) motion is, itself, a final appealable order. *Jack Maxton Chevrolet, Inc. v. Hanbali*, 10th Dist. No. 15AP-816, 2016-Ohio-1244, at ¶ 7.

{¶5} In this case, although the October 9, 2015 motion was filed as a Civ.R. 60(B) motion, it was not a Civ.R. 60(B) at all since Civ.R. 60(B) motions are only available to vacate final orders. Therefore, the October 9, 2015 motion did not create a right of appeal because the order to which the motion was directed was not a final appealable order. The trial court's underlying order of June 18, 2015, did not include a dollar amount of attorney fees in its entry, and we dismissed that appeal due to lack of a final appealable order. *See Bell, supra*, at ¶ 7*. Thus, the subsequent order of December 17, 2015, which is the entry that is the subject of this appeal, denying appellant's motion for relief from judgment, is also not a final appealable order.

{¶6} For the foregoing reasons, this appeal is dismissed, sua sponte, due to lack of a final appealable order.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.

3