[Cite as *Lake Royale Landowners Assn. v. Dengler*, 2022-Ohio-2929.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| THE LAKE ROYALE LANDOWNERS ASSOCIATION, | **CASE NO. 2022-P-0021** |
| Plaintiff-Appellant, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| BILLY DENGLER, | Trial Court No. 2021 CV 00527 |
| Defendant-Appellee, | |
| RICHARD W. WISE, et al., | |
| Intervening Defendants/ Third Party Plaintiffs- Appellees, | |
| MOISE ZAROUK, | |
| Third Party Defendant. | |

# **O P I N I O N**

Decided: August 22, 2022
Judgment: Reversed and remanded

*Stewart D. Roll*, Gertsburg Licata, Co., LPA, 600 East Granger Road, Suite 200, Cleveland, OH 44131 (For Plaintiff-Appellant).

*Chad E. Murdock*, P.O. Box 334, Rootstown, OH 44272 (For Defendant-Appellee).

*Jason A. Whitacre*, Flynn Keith & Flynn, 214 South Water Street, Kent, OH 44240 (For Intervening Defendants/Third Party Plaintiffs-Appellees).


MARY JANE TRAPP, J.

{¶1}   Appellant, The Lake Royale Landowners Association ("the association"),

appeals the judgment of the Portage County Court of Common Pleas disqualifying its

counsel, Stewart D. Roll ("Attorney Roll"), pursuant to the motion filed by appellees Richard W. Wise et al. (collectively, "the intervenors").

{¶2} The association asserts one assignment of error, contending that the trial court abused its discretion because (1) Attorney Roll was not a necessary witness and (2) disqualification would work substantial hardship on it.

{¶3} After a careful review of the record and pertinent law, we find that the trial court abused its discretion by disqualifying Attorney Roll. The intervenors failed to meet their burden of demonstrating that Attorney Roll's testimony is necessary. Thus, we reverse the judgment of the Portage County Court of Common Pleas and remand for further proceedings.

### Substantive and Procedural History

{¶4} The association is comprised of a group of property owners residing in Franklin Township, Portage County, Ohio. In August 2021, the association filed a complaint in the Portage County Court of Common Pleas against appellee Billy Dengler ("Mr. Dengler"), who is a nearby property owner. The association sought damages and injunctive relief for Mr. Dengler's alleged trespass and creation of a nuisance on a portion of Lake Royale, which the association purports to own. The association also filed motions for a temporary restraining order ("TRO") and a preliminary injunction. The trial court, ex parte, granted the association's motion for a TRO.

{¶5} Mr. Dengler filed an answer denying that he had trespassed or created a nuisance. He subsequently amended his answer and filed a counterclaim for declaratory judgment, alleging that he owns land "into and beneath a portion of" Lake Royale. Mr.

2

Dengler also filed a brief in opposition to the association's motion for a preliminary injunction.

{¶6} Following a preliminary injunction hearing, the trial court filed a judgment entry enjoining Mr. Dengler from "trespassing on the property of [the association] which abuts his property, for any purpose, including maintenance of the grass or vegetation." The trial court set the matter for mediation and a bench trial.

{¶7} Meanwhile, the intervenors filed a motion to intervene, alleging that they each owned property extending into Lake Royale. They further alleged that the association lacked standing because the quit claim deed by which it purportedly took title to Lake Royale was legally deficient. The association filed a brief in opposition to the intervenors' motion to intervene, and Mr. Dengler filed a brief in support.

{¶8} The trial court filed an order granting the intervenors' motion to intervene. Shortly thereafter, the intervenors filed an answer and a third-party complaint against the association and Moise Zarouk ("Mr. Zarouk"), asserting claims for declaratory judgment, conversion, fraud, civil conspiracy, and abuse of process. Relevant here, Mr. Zarouk purportedly executed the quit claim deed as the managing member of the grantor, Lake Royale Group, LLC ("LRG"), "as of" October 10, 2011.

{¶9} The intervenors also filed a motion to disqualify Attorney Roll as the association's counsel. The intervenors contended that Attorney Roll is a necessary witness pursuant to Prof.Cond.R. 3.7 because he notarized Mr. Zarouk's signature on the deed and that Attorney Roll has a personal interest in the case pursuant to Prof.Cond.R. 1.7 because he is a resident of the association and his wife is a member.

3

Case No. 2022-P-0021

{¶10}  Mr. Dengler filed a brief in support of the intervenors' motion to disqualify, contending that Attorney Roll's testimony was necessary to determine the deed's validity and, thus, whether Mr. Dengler committed a trespass.

{¶11}  The association filed a brief in opposition, contending that disqualification of Attorney Roll would work substantial hardship on it because of "the time and cost of trying to educate a replacement" and "the lost knowledge and nuances of that representation."  In support, the association attached an affidavit from its president.  The association also contended that Attorney Roll is not a necessary witness because the notarization occurred in the presence of other individuals who could testify and that the intervenors did not establish a "substantial risk" that Attorney Roll's personal interests would adversely affect his ability to represent the association.

{¶12}  The trial court filed an order and journal entry granting the intervenors' motion and disqualifying Attorney Roll as the association's counsel, stating as follows:

{¶13}  "The Court finds that Attorney Roll is likely to be a necessary witness on a contested issue in this matter.  To avoid any potential hardship imposed on [the association] in this matter, all currently set dates and deadlines are hereby vacated.  This matter will be set for a telephone status conference to establish new dates."

{¶14}  The association appealed and presents the following assignment of error:

{¶15}  "The trial court erred in issuing a Journal Entry and Order (Order T.d. 64) on March 18, 2022, granting Third Parties' February 9, 2022, Motion (Motion T.d. 53) to Disqualify Stewart D. Roll, counsel for Plaintiff, Lake Royale Landowners Association ('LRLA')."

4

## Jurisdiction

{¶16} As an initial matter, we note that an order disqualifying an attorney from representing a client in a civil case is a final appealable order pursuant to R.C. 2505.02(B)(4). *Reo v. Univ. Hosps. Health Sys.*, 2019-Ohio-1411, 131 N.E.3d 986, ¶ 15 (11th Dist.).

## Standard of Review

{¶17} We review a trial court's decision on a motion to disqualify counsel for an abuse of discretion. *Id.* at ¶ 16. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶18} When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error. *Id.* at ¶ 67. By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error. *Id.*

## Advocate-Witness Rule

{¶19} Trial courts have the inherent power to disqualify an attorney from acting as counsel in a case when the attorney cannot or will not comply with the Ohio Rules of Professional Conduct and when such action is necessary to protect the dignity and authority of the court. *Reo* at ¶ 17. However, because of the potential for abuse and interference with a client's right to choose counsel, disqualification is a drastic measure that should not be imposed unless absolutely necessary. *See id.*; *Kala v. Aluminum*

5

*Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 5-6, 688 N.E.2d 258 (1998). It is therefore important for the trial court to follow the proper procedures in determining whether disqualification is necessary. *Reo* at ¶ 17.

{¶20} Prof.Cond.R. 3.7(a) provides that "[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:

{¶21} "(1) the testimony relates to an uncontested issue;

{¶22} "(2) the testimony relates to the nature and value of legal services rendered in the case;

{¶23} "(3) the disqualification of the lawyer would work *substantial* hardship on the client." (Emphasis sic.)

{¶24} Prof.Cond.R. 3.7 was adopted because "[c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client." Official Comment 1. For example, "the trier of fact may be confused or misled by a lawyer serving as both advocate and witness." Official Comment 2. In addition, "the combination of roles may prejudice that party's rights in the litigation." *Id.* This is so because "[a] witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others." *Id.* When the roles are combined, "[i]t may not be clear whether a statement by an advocate-witness should be taken as proof or as analysis of the proof." *Id.*

{¶25} When a trial court reviews a motion for disqualification under Prof.Cond.R. 3.7, the court must determine (1) whether the attorney's testimony is admissible and, if

6

so, (2) whether disqualification is necessary, and (3) whether any of the exceptions to Prof.Cond.R. 3.7 are applicable. *Reo* at ¶22. The burden of proving that disqualification is necessary is upon the moving party. *Id.* at ¶ 23. The burden of proving that one of the exceptions applies is upon the attorney seeking to claim the exception. *Id.*

### Law and Analysis

{¶26} The association first challenges the trial court's determination that Attorney Roll is a necessary witness.

{¶27} "'A necessary witness is not just someone with relevant information * * * but someone who has material information that no one else can provide. Whether a witness ought to testify is not alone determined by the fact that he has relevant knowledge or was involved in the transaction at issue. Disqualification may be required only when it is likely that the testimony to be given by the witness is necessary. Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence. * * * A party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony. * * * There is a dual test for necessity. First the proposed testimony must be relevant and material. Second, it must be unobtainable elsewhere.'" *Puritas Metal Prods., Inc. v. Cole*, 9th Dist. Lorain Nos. 07CA009255, et al., 2008-Ohio-4653, ¶ 34, quoting *Mettler v. Mettler*, 50 Conn.Supp. 357, 360, 928 A.2d 631 (2007).

{¶28} Further, "'"[a] necessary witness is not the same thing as the 'best' witness. If the evidence that would be offered by having an opposing attorney testify can be elicited

7

Case No. 2022-P-0021

through other means, then the attorney is not a necessary witness. In addition, of course, if the testimony is not relevant or is only marginally relevant, it certainly is not necessary.'"" *Id.* at ¶ 35, quoting *Knowledge A-Z, Inc. v. Sentry Ins.*, 857 N.E.2d 411, 418 (Ind.App.2006), quoting *Harter v. Univ. of Indianapolis*, 5 F.Supp.2d 657, 665 (S.D.Ind.1998).

{¶29} Attorney Roll's proposed testimony is relevant to some degree. The intervenors have challenged the legal validity of the deed based on, among other things, its notary acknowledgment. Attorney Roll purported to acknowledge Mr. Zarouk's signature "as of" October 10, 2011, while the deed was recorded in August 2021.

{¶30} However, the Ohio Board of Professional Conduct recently explained in an advisory opinion that "the act of notarizing a document * * * does not immediately transform the notarizing lawyer into a necessary witness * * *. Lawyers regularly notarize documents * * * in many areas of law, such as landlord-tenant law, domestic law, or probate law. * * * In notarizing a [document], a lawyer is not taking responsibility for or verifying the facts contained therein * * * *. The lawyer is simply confirming the [person] appeared before him or her and signed or acknowledged the document in his or her presence." Opinion No. 2022-05, at 2-3 (June 10, 2022); *see Rivera v. Periodicos Todo Bayamon*, D.Puerto Rico No. 93-2123, 1997 WL 43202, *2 (Jan. 23, 1997), fn. 3 ("[T]he ethical duty of notaries is not to zealously represent the interests of their clients, but rather to serve as an impartial observer and guarantor of the authenticity of the legal acts that they certify").

{¶31} Cases in which courts have found that an attorney/notary is a necessary witness have involved distinguishable circumstances. For instance, courts have found

8

that an attorney/notary's testimony holds a "special credence" when testamentary capacity is in dispute. *Transamerica Life Ins. Co. v. Fuselier*, -- So.3d ---, 2021 WL 1567648, \*3 (La.App.2021), fn. 1. Thus, in *Eccles v. Nelson*, 919 So.2d 658 (Fla.App.2006), the court found that the attorney for a personal representative was properly disqualified where the attorney prepared and notarized the will and where the issues before the trial court concerned the testamentary capacity of the decedent and undue influence. *Id.* at 660-661.

**{¶32}** Similarly, in *In re Guardianship of Carney*, 8th Dist. Cuyahoga No. 110034, 2021-Ohio-1819, the court determined that an attorney was a necessary witness in a contested guardianship proceeding because he notarized the limited power of attorney that the principal executed while allegedly mentally incompetent. *See id.* at ¶ 29-31. The court found that the attorney was "a key eyewitness with personal knowledge regarding [the principal's] mental competency on that day." *Id.* at ¶ 30.

**{¶33}** To the extent Attorney Roll has personal knowledge of the facts surrounding the signing of the deed, his testimony is not necessary to establish them. This evidence is obtainable elsewhere. For instance, the association contended in its brief in opposition that the notarization occurred in the presence of Mr. Zarouk and its former president and that both could testify about the events that occurred before and during notarization.

**{¶34}** In addition, the record contains a signed agreement between Mr. Zarouk and the association dated August 10, 2021. It states that LRG prepared a deed in October 2011 for the purpose of transferring the property to the association; however, the deed was lost, and LRG subsequently dissolved. Therefore, Mr. Zarouk agreed to execute and deliver a deed to the association in August 2021 for the purpose of transferring the

9

property "as of October 10, 2011." Mr. Zarouk's answer to the intervenors' third-party complaint contains similar assertions.

{¶35} We see no reason why the relevant facts in the underlying matter cannot be established through the testimony of other witnesses, namely Mr. Zarouk and the association's corporate representatives. *See Crockett v. Crockett*, 10th Dist. Franklin No. 02AP-482, 2003-Ohio-585, ¶ 14 (an attorney's testimony was not necessary to establish the facts surrounding the execution of an affidavit where the testimony of other witnesses could establish such facts). Accordingly, the intervenors failed to meet their burden of demonstrating that Attorney Roll's testimony is necessary.

{¶36} The association also argues that Attorney Roll's disqualification would work "substantial hardship" on it pursuant to the exception in Prof.Cond.R. 3.7(a)(3). Since we have determined that Attorney Roll's disqualification is not necessary, the issue of whether an exception applies is moot.

{¶37} In sum, the trial court abused its discretion by disqualifying Attorney Roll as the association's counsel. The association's sole assignment of error has merit.

{¶38} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this opinion.

THOMAS R. WRIGHT, P.J.,

JOHN J. EKLUND, J.,

concur.

10

Case No. 2022-P-0021