[Cite as *Frangioudakis v. Floran*, 2023-Ohio-507.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

ELENA FRANGIOUDAKIS,

        Petitioner-Appellant,

- vs -

DAVID R. FLORAN,

        Petitioner-Appellee.

CASE NO. 2022-L-083

Civil Appeal from the
Court of Common Pleas,
Domestic Relations Division

Trial Court No. 2016 DR 000202

## O P I N I O N

Decided: February 21, 2023
Judgment: Affirmed

*R. Russell Kubyn*, Kubyn & Ghaster, 8373 Mentor Avenue, Mentor, OH 44060 (For Petitioner-Appellant).

*Josephine L. Begin,* Manning & Clair, Attorneys at Law, 38040 Euclid Avenue, Willoughby, OH 44094 (For Petitioner-Appellee).

*Anna M. Parise*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (Guardian Ad Litem).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Elena Frangioudakis, appeals from the Lake County Court of Common Pleas, Domestic Relations Division. Appellant filed for divorce from appellee, David Floran, in 2016 and the matter was resolved through dissolution. Thereafter, appellant moved to modify the shared parenting plan between the parties. During that proceeding, the trial court issued several orders. Appellant moved for relief from five of them under Civ.R. 60(B) and to disqualify appellee's counsel. The basis for the motions

was alleged conflicts of interest between attorneys and clients on both sides of the dispute. The trial court denied the motions and appellant has appealed. Appellant has raised two assignments of error alleging the trial court abused its discretion by denying her motions.

{¶2} Having reviewed the record and the applicable caselaw, we affirm.

## Substantive and Procedural History

{¶3} On April 4, 2016, Appellant filed a Complaint for Divorce against Appellee, David Floran. The parties filed a motion to convert the divorce to a dissolution, which was granted in May 2016. In July 2016, the trial court journalized the Decree of Dissolution of Marriage with Minor Children and incorporated an executed Separation Agreement and Shared Parenting Plan.

{¶4} During the dissolution proceedings, appellant was represented by Attorney Kimberly Baioni. Appellee proceeded pro se. The matter concluded upon the journalization of the Decree of Dissolution in July 2016. Attorney Baioni never formally withdrew as counsel.

{¶5} In May 2017, appellant filed a Motion to Modify Shared Parenting Plan. Appellant filed the motion to modify through new counsel. Attorney Baioni did not represent appellant in the reopened proceedings. On June 5, 2017, Attorney James Reardon entered a Notice of Appearance on behalf of appellee. Attorney Reardon's representation continued until January 21, 2022, when the court granted his motion to withdraw as counsel for appellee. At that time, Attorney Josephine Begin filed a Notice of Substitution of Counsel for appellee.

2

{¶6} On February 10, 2022, appellant filed a "Motion to Set Aside Judgments and Orders and Request for Hearing" (The Motion) seeking relief from all judgments and orders issued in the case between June 5, 2017, and January 21, 2022, which encompassed Attorney Reardon's representation of appellee.

{¶7} The judgments and orders that appellant sought relief to set aside were all entered after Attorney Baioni stopped representing appellant. They were:

(1) October 21, 2019 Agreed Judgment Entry appointing Dr. Afsarnifard to conduct psychological evaluations of the minor children.

(2) April 7, 2020 Agreed Judgment Entry establishing an interim parenting time schedule while the children were engaged in online/distance learning.

(3) April 7, 2020 Agreed Judgment Entry ordering each party to enroll in the Our Family Wizard program for one year.

(4) October 15, 2020 Agreed Judgment Entry Modifying the Decree of Dissolution and Shared Parenting Plan Dated July 5, 2016.

(5) November 19, 2020 Agreed Judgment Entry adopting Shared Parenting Plan and Order Appointing Parenting Coordinator with all subsequent decisions of Parenting Coordinator (dated January 20, 2021, April 27, 2021, and December 20, 2021).

(6) July 13, 2021 Qualified Domestic Relations Order.

{¶8} Appellant claimed that her prior counsel, Attorney Baioni, officed at the same office as Attorney Reardon and was as an "employee, contractor, member, agent, and/or representative of Attorney Reardon and/or Carrabine & Reardon Co., LPA at said office. Attorney Baioni's advertising expenses are paid, at least in part, by Attorney Reardon and/or Carrabine & Reardon Co., LPA and does work therefor."

{¶9} Appellee opposed the Motion and said that appellant's assertions were unfounded. His motion contained an affidavit from Attorney Reardon which stated that

3

Attorney Reardon began to lease office space to Attorney Baioni in January 2020. The two have separate phone numbers with their own answering services, separate filing systems and technology platforms for file storage and firm operation, separate websites, and separate letterheads. Attorney Reardon's affidavit further stated that the two never worked on the present case simultaneously and that Attorney Reardon had no knowledge of Attorney Baioni's prior involvement in the case. Attorney Reardon said that the two refer cases to each other and rarely co-counsel on cases.

{¶10} While that motion was pending, Attorney Begin continued appellee's representation. On June 23, 2022, appellant filed a Motion to Disqualify Opposing Counsel Josephine Begin and requested a full evidentiary hearing. Appellant sought to disqualify Attorney Begin on the basis that there were several questions surrounding filings that Attorney Begin had notarized and that she had become a material witness. Appellee's response argued that the issue was moot because the notarized materials had been resigned and refiled, thus obviating any possible need to disqualify appellee's attorney as a material witness.

{¶11} On August 10, 2022, the court held a Zoom hearing with counsel for both parties and the guardian ad litem in attendance. The purpose of that hearing was to address appellant's pending motions.

{¶12} On August 17, 2022, the trial court issued a judgment entry denying both of appellant's pending motions. The court denied appellant's motion because it found that Attorney Baioni and Attorney Reardon operated as separate business entities and that Attorney Baioni's representation ended four years prior to her office sharing with Attorney Reardon.

4

{¶13} The court denied appellant's motion to disqualify and request for full evidentiary hearing, noting the issue was beyond the court's subject matter jurisdiction as the court was "neither a grievance committee nor Disciplinary Counsel."

{¶14} On August 25, 2022, appellant timely appealed raising two assignments of error.

{¶15} On September 26, 2022, the trial court denied appellant's motion to stay proceedings pending appeal.

### Assignments of Error and Analysis

{¶16} Appellant's first assignment of error states:

{¶17} "[1.] The trial court erred and committed an abuse of discretion by denying the Appellant's Motion to Set aside Judgments and Order."

{¶18} We review the trial court's decision to grant or deny a Civ.R. 60(B) motion for an abuse of discretion. *Nationstar Mtge. LLC v. Groves*, 11th Dist. Portage No. 2016-P-0029, 2017-Ohio-887, ¶ 12, citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler,* 2d Dist. Clark No. 09–CA–54, 2010–Ohio–1900, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed.2004).

{¶19} Whether the denial of a Civ.R. 60(B) motion for relief from judgment is a final appealable order depends on whether the order from which appellant seeks relief is a final appealable order. *JPMorgan Chase Bank v. Hudson*, 11th Dist. Ashtabula No. 2016-A-0049, 2017-Ohio-337, ¶ 7. When it was not final, the court of appeals does not have jurisdiction to review the matter and the appeal must be dismissed. *Id.* at ¶ 10.

5

**{¶20}** Civ.R. 60(B) "'presumes that the underlying order which has been challenged * * * is, itself a final appealable order.'" *Bell v. Bell,* 11th Dist. Portage No. 2016-P-0005, 2016-Ohio-4601, ¶ 4, quoting *Jack Maxton Chevrolet, Inc. v. Hanbali*, 10th Dist. No; 15AP-816, 2016-Ohio-1244, at ¶ 8. "A judgment granting or denying a motion to vacate an earlier judgment that was not a final order is likewise not a final order." *JPMorgan Chase Bank v. Hudson*, *supra,* at ¶ 18, citing *Lee v. Joseph Horne Co., Inc.,* 99 Ohio App.3d 319, 323 (8th Dist. 1995).

**{¶21}** Here, among other orders, appellant sought relief from the October 15, 2020 Agreed Judgment Entry Modifying the Decree of Dissolution and Shared Parenting Plan Dated July 5, 2016 and the November 19, 2020 Agreed Judgment Entry Adopting Shared Parenting Plan and Order Appointing Parenting Coordinator with all subsequent decisions of Parenting Coordinator (dated January 20, 2021, April 27, 2021, and December 20, 2021).

**{¶22}** R.C. 3109.04(H) provides that "[i]f an appeal is taken from a decision of a court that grants or modifies a decree allocating parental rights and responsibilities for the care of children, the court of appeals shall give the case calendar priority and handle it expeditiously." "Generally, the requirements of R.C. 3109.04 apply to 'a final appealable order, not an interlocutory, temporary order.'" *Taylor v. Taylor*, 9th Dist. Lorain No. 11CA010071, 2012-Ohio-4097, ¶ 6, quoting *State ex rel. Thompson v. Spon,* 83 Ohio St.3d 551, 554, 700 N.E.2d 1281 (1998). These two orders were neither interlocutory nor temporary. Therefore, review of the trial court's denial of appellant's Civ.R. 60(B) motion is properly before the court.

Case No. 2022-L-083

**{¶23}** Although not all of the orders from which appellant seeks relief are final appealable orders, "'[a]ll interlocutory orders and decrees are merged in the final judgment.'" *Horner v. Toledo Hosp.,* 94 Ohio App.3d 282, 289, 640 N.E.2d 857 (6th Dist.1993), quoting Moore, Federal Practice (1992) 194–196, Section 110.18; *Colom v. Colom*, 58 Ohio St.2d 245, 389 N.E.2d 856 (1979).

**{¶24}** To prevail on a Civ.R. 60(B) motion, a movant must satisfy the three-prong test set out in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). Appellant must demonstrate (1) he has a meritorious claim or defense to raise if relief is granted; (2) he is entitled to relief under one of the subsections of Civ.R. 60(B); and (3) the motion is made within a reasonable time and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), the motion is made not more than one year after the judgment was entered. *Id.* at paragraph two of the syllabus.

**{¶25}** Appellant claims she is entitled to relief under Civ.R. 60(B)(4) and (5), which provide for relief from an order setting aside an order when: "(4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment."

**{¶26}** Addressing the first prong of the *GTE* test, we must determine whether the trial court abused its discretion when it concluded that appellant did not demonstrate a meritorious claim or defense to raise if relief was granted.

**{¶27}** First, one of the orders from which appellant seeks relief, the October 2019 order, predates Attorney Baioni beginning to office share with Attorney Reardon.

7

Appellant has not demonstrated a meritorious claim as to any order predating Attorney Baioni renting office space from Attorney Reardon.

{¶28} As to the remaining orders, appellant's supporting affidavit has failed to demonstrate facts to establish her assertions. Her affidavit stated that the court journalized a Decree of Dissolution on July 5, 2016, while Attorney Baioni represented her. She also swore she did not waive any conflict of interest and that Attorney Baioni never formally withdrew as counsel.

{¶29} These sworn statements, alone, do not demonstrate a meritorious claim or defense. Appellant's Motion did not provide any other affidavits, exhibits, or other relevant material which demonstrated that Attorney Baioni "was located at the same address [as Attorney Reardon] and was an employee, contractor, member, agent, and/or representative of Attorney Reardon and/or Carrabine & Reardon Co., LPA."

{¶30} Therefore, appellant's motion has failed to demonstrate a meritorious claim or defense and does not satisfy the first prong of the *GTE* test.

{¶31} As to the second prong of the *GTE* test, appellant sought relief under Civ.R. 60(B)(4) and (5).

{¶32} Under Civ.R. 60(B)(4), she claims the judgments were not equitable and that she was subjected to those inequitable judgments through circumstances that could not be foreseen or controlled. *See Knapp v. Knapp*, 24 Ohio St.3d 141, 493 N.E.2d 1353 (1986) (holding that Civ.R. 60(B)(4) applies to judgments that are no longer equitable where those subjected to the judgment did not have the ability to foresee or control, such as a change in circumstances). Here, appellant merely states that the judgments "are not

8

equitable" but does not identify how the continued application of the judgments will have prospective unequitable impact on her as set forth in *Knapp*.

{¶33} Turning to the Civ.R. 60(B)(5) "catch all" provision, appellant argues she is entitled to relief because she did not enter into the agreed judgment entries with consent and mutuality and that appellee had unfair and improper access to confidential and privileged information. She says this undermines the integrity of the proceedings and justifies setting the judgments aside.

{¶34} Unlike appellant's unsupported allegations in her Motion to Disqualify, appellee filed a response which contained an affidavit from Attorney Reardon. That affidavit refuted appellant's unsupported claims. In particular, Attorney Reardon said that he and Attorney Baioni have separate phone numbers with their own answering services, separate filing systems and technology platforms for file storage and firm operation, separate websites, and separate letterheads. The office arrangement between the two would not reasonably appear to the public to be a law firm. *See Winblad v. Deskins,* 150 Ohio App.3d 527, 2002-Ohio-7092, 782 N.E.2d 160, ¶ 13 (2d Dist.)

{¶35} In addition, appellant's assertion that Attorney Baioni never formally withdrew as counsel is misleading. The matter was closed upon the Decree of Dissolution and later reopened in May 2017 when appellant, with different counsel, filed a Motion to Modify Shared Parenting Plan. Appellant does not, therefore, legitimately assert that Attorney Baioni continued to represent her while officing with Attorney Reardon.

{¶36} Appellant has failed the second prong of the *GTE* test by failing to demonstrate entitlement to relief under one of the subsections of Civ.R. 60(B).

9

**{¶37}** Finally, the third prong of the *GTE* test requires that relief be sought within a reasonable time. Appellant seeks relief from judgments spanning a 20-month period between October 21, 2019, and July 13, 2021, and where she filed for relief seven months after the final judgment entry. It is impossible to say that appellant has filed within a reasonable time, because appellant does not state when she or her counsel discovered that Attorney Baioni began renting office space from Attorney Reardon. Appellant bears the burden of satisfying each of the Civ.R. 60(B) requirements and has failed to demonstrate that she filed her motion within a reasonable time.

**{¶38}** Accordingly, appellant's first assignment of error is without merit.

**{¶39}** Appellant's second assignment of error states:

**{¶40}** "[2.] The trial court erred and committed an abuse of discretion by denying Appellant's Motion to Disqualify Opposing Counsel."

**{¶41}** We review a trial court's decision on a motion to disqualify counsel for an abuse of discretion. *Lake Royale Landowners Assn. v. Dengler,* 11th Dist. Portage No. 2022-P-0021, 2022-Ohio-2929. ¶ 17. Trial courts have the inherent power to disqualify an attorney from acting as counsel in a case when the attorney cannot or will not comply with the Ohio Rules of Professional Conduct and when such action is necessary to protect the dignity and authority of the court. *Reo v. Univ. Hosps. Health Systems,* 11th Dist. No. 2018-L-110, 2019-Ohio-1411, 131 N.E.3d 986, ¶ 17. However, disqualification is a drastic measure which should not be imposed unless "absolutely necessary" due to the potential for abuse of the "advocate-witness rule." *Id.*, quoting *Waliszewski v. Carvavona Builders, Inc.*, 127 Ohio App.3d 429, 433, 713 N.E.2d 65 (9th Dist. 1998).

**{¶42}** Prof.Cond.R. 3.7 states:

10

A lawyer shall not act as an advocate at a trail in which the lawyer is likely to be a necessary witness unless one or more of the following applies: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; (3) the disqualification of the lawyer would work *substantial* hardship on the client. (Emphasis sic).

**{¶43}** It is "important for the trial court to follow the proper procedures in determining whether disqualification is necessary." *Reo*, at ¶ 17. "The roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the case of another, while that of a witness is to state facts objectively." *Mentor Lagoons, Inc. v. Rubin*, 31 Ohio St.3d 256, 257, 510 N.E.2d 379 (1987), citing former EC 5-9. The combination of the two roles may be prejudicial because it may not be clear whether the testimony of an advocate "should be taken as proof or as analysis of the proof." Prof.Cond.R. 3.7 Comment 2.

**{¶44}** When a trial court reviews a disqualification motion that implicates the advocate-witness rule, the court must "(1) determine whether the attorney's testimony is admissible and, if so, (2) determine if disqualification is necessary and whether any of the exceptions to Prof.Cond.R. 3.7 are applicable." *Fordeley v. Fordeley*, 11th Dist. Trumbull No. 2014-T-0079, 2015-Ohio-2610, ¶ 31, citing *Baldonado v. Tackett*, 6th Dist. Wood No. WD-08-079, 2009-Ohio-4411, ¶ 20. The burden of proving disqualification falls on the moving party, while the burden of proving that an exception applies falls on the attorney seeking to claim the exception. *Id.*, quoting *McCormick v. Maiden*, 6th Dist. Erie No. E-12-072, 2014-Ohio-1896, ¶ 11.

**{¶45}** Here, appellant argues that Attorney Begin should be disqualified because she filed two motions which contained affidavits which were "purportedly executed" by appellee on March 2 and March 30, 2022. She argues that Attorney Begin's notarization

11

of the affidavits made herself a necessary witness because the "facts and circumstances regarding Attorney Begin's notarization of the affidavits were central to the litigation of the then-pending motions." However, appellant does not explain why Attorney Begin's testimony was necessary or what questions arose from her notarization of an affidavit that could not be answered by any other potential witness.

{¶46} After appellant filed her motion to disqualify, appellee re-executed and re-filed the affidavits in question. Appellee argues that appellant's motion to disqualify has been rendered moot.

**Admissibility:**

{¶47} For evidence to be admissible, it must, at a minimum, be relevant. *See* Evid.R. 402. To be relevant, evidence must have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401.

{¶48} Appellant has not explained in her motion to disqualify or in her merit brief what evidence she seeks to elicit from Attorney Begin or why her motion is not moot because of appellee's re-executed and refiled affidavits. She has not stated why Attorney Begin's testimony about the execution of affidavit is necessary, or why her potential questions are central to litigation of the "then-pending motions." She has not made any assertions to indicate Attorney Begin's testimony would tend to make any fact of consequence more or less probable than it would be without her testimony.

{¶49} Typically, a motion to disqualify indicates to the court what testimony a party intends to seek from the attorney that the motion seeks to disqualify. *See e.g., Lake Royale Landowners Assn.*, 2022-Ohio-2929, at ¶ 25. The record before us does not

12

contain any evidence or information which would speak to the admissibility of Attorney Begin's testimony. It is an appellant's duty to "exemplify any alleged errors by reference to the record." *Aurora v. Belinger*, 11th Dist. No. 2007-P-0041, 180 Ohio App.3d 178, 2008-Ohio-6772, 904 N.E.2d 916, ¶ 30. Appellant has failed to meet her burden of demonstrating that Attorney Begin's testimony is relevant.

**Necessity:**

{¶50} A necessary witness is someone who can provide material information that no one else can. *Lake Royale Landowners Assn.*, 2022-Ohio-2929, ¶ 27, quoting *Puritas Metal Prods., Inc. v. Cole*, 9th Dist. Lorain No. 07CA009255, 2008-Ohio-4653, ¶ 34, quoting *Mettler v. Mettler*, 50 Conn.Supp. 357, 928 A.2d 631 (2007). Therefore, disqualification may only be warranted if it is likely that the witness' testimony will be required. *Id.* The weight of the testimony, the availability of other evidence, and the significance of the issue are relevant factors to consider. *Id.* The lawyer is not a necessary witness if the evidence that they would have offered may be obtained through other means. *Id.* at ¶ 28.

{¶51} Appellant argues Attorney Begin is a necessary witness because she notarized two documents that appellee signed. However, "'notarizing a document * * * does not immediately transform the notarizing lawyer into a necessary witness * * *.'" *Lake Royale Landowners Assn.*, at ¶ 30, quoting Ohio Board of Prof. Cond., Opinion No 2022-05, at 2. (June 10, 2022). In many cases, the lawyer is merely confirming the signatory of the documents appeared and signed or acknowledged the documents in the lawyer's presence. *Id.*

Case No. 2022-L-083

**{¶52}** Notaries, unlike lawyers, are not zealously representing the interests of a client, but "'rather serve as an impartial observer and guarantor of the authenticity of the legal acts that they certify.'" *Id.*, quoting *Rivera v. Periodicos Todo Bayamon*, D.Puerto Rico No. 93-2123, 1997 WL 43202, *2 (Jan. 23, 1997), fn. 3. Cases finding that a lawyer is a necessary witness to the signature or notarization of a document typically involve special circumstances such as the testamentary or mental capacity of the signator. *Id.* at ¶ 31-32.

**{¶53}** Here, where appellee's affidavit was re-executed and notarized by a different witness, we see no reason why the facts in the underlying matter could not be established through the testimony of another witness. To the extent the issue is not rendered entirely moot by the re-execution of the affidavit, the evidence Attorney Begin would have offered may be obtained through other means. *Id.* at ¶ 28. Appellant has failed to meet her burden of demonstrating that Attorney Begin's testimony is necessary.

**Evidentiary Hearing:**

**{¶54}** Appellant also claims that the trial court erred by ruling on her motion without holding a full evidentiary hearing. In this case, the trial court conducted a Zoom hearing and ruled on appellant's motion to disqualify without conducting a full evidentiary hearing.

**{¶55}** Although "case law establishes that while a trial court is required to hold a hearing to consider whether a lawyer should be disqualified under Prof.Cond.R. 3.7, no particular type of hearing is required. *Reo,* 2019-Ohio-1411, at ¶ 34.

**{¶56}** A full evidentiary hearing on a motion to disqualify is not necessary where the trial court possessed "sufficient evidence to consider the required factors." *Id.* at ¶

14

30. Appellant bears the burden of proving disqualification. Here, where her motion to disqualify failed to state with any particularity why Attorney Begin's testimony was relevant or necessary, and where appellee filed re-executed affidavits, the trial court acted within its discretion to rule on the motion to disqualify after conducting a Zoom hearing. *See Id.* at ¶ 34.

{¶57} Furthermore, no transcript of the Zoom hearing is available. Where a transcript is unavailable, the appellant is still obligated to provide a complete record pursuant to App.R. 9(C), (D), or (E). *Belinger*, 2008-Ohio-6772, at ¶ 31. Where portions of the record that may be necessary for the "resolution of assigned errors are omitted from the record, an appellate court has nothing to pass upon." *Warren v. Clay,* 11th Dist. Trumbull No. 2003-T-0134, 2004-Ohio-4386, ¶ 7. In such cases, a reviewing court "has no choice but to presume the validity of the lower court's proceedings." *Id.* In the absence of an App.R. 9(C) statement of the record asserting error during the Zoom hearing, we must presume the regularity of proceedings below. *See Id.*

{¶58} Accordingly, appellant's second assignment of error is without merit.

{¶59} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.

MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

15

Case No. 2022-L-083